IN THE UNITED STATES
DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI

FILED
MAY 12 2005
U S DISTRICT COURT
ARLEN B. COYLE, CLERK
By _____ Deputy

| | | |
|---|---|---|
| MAURICE CLIFTON, MOVANT, | § § § | CASE NO.: 97-CR-6-ALL |
| - VS - | § § | |
| UNITED STATES OF AMERICA, RESPONDENT. | § § § | |

Comes now the defendant, MAURICE CLIFTON, pro se herein referred to as the defendant, and presents this motion for post conviction relief to modify the defendant's sentence pursuant to 18 U.S.C.§3582(c)(2). The defendant will show that this motion has merit and is a product of sound reasoning. The defendant is not an attorney and prays that this Honorable Court construe this motion liberally pursuant to U.S. Supreme Court cases: **HAINES V. KERNER,** 4040 U.S. 519 (1972), and **FARETTA V. CALIFONIA,** 95 S.CT. 2525 (1975).

\* \* \*   **The defendant will show the following argument:**   \* \* \*

> As of November 1, 2004, Amendment 668 of the Federal
> Sentencing Guidelines, pursuant to Section 2D1.1(a)
> applies to the defendant.

### FACTS OF THE CASE

The defendant was charged in a two-count indictment filed January 14, 1997, in the Northern District of Mississippi. Count One charged that on or about September 12, 1996, the defendant aided and abetted by another, did knowingly and intentionally distribute more than Five Grams of a mixture and substance

MC - 1 -

containing a detectable amount of cocaine base in violation of 21 U.S.C.§841(a)(1) and §841(b)(1)(B). Count Two charged that on or about October 19, 1995, the Defendant did knowingly and unlawfully conduct and attempt to conduct a finacial transaction affecting interstate commerce, to-wit: wiring funds via Western Money Transfer #8289772281, on October 19, 1995, in the amount of $2,500.00, with the defendant listed as the payer and DEDERICK NORWOOD listed as the payee, with intent to promote and carry on a specified unlawful activity, that is , the distribution of cocaine, knowing that said funds in fact represented the proceeds of that specified unlawful activity; the distribution of cocaine in violation of 18 U.S.C.§1956(a)(1)(A) and §3571.

The defendant proceeded to trial in this case. The defendant was found guilty by jury trial on March 4, 1997. The federal probation officer prepared the standard pre=sentence report (PSR) in this case, and determined the defendant base offense level to be **38.** The probation officer enhanced the defendant four-points for role in the offense under 3B1.1(a) of the Federal Sentencing Guideline Manual. The defendant had a total offense level of **42,** and was sentence to **400 months** in federal prison.

### ARGUMENT

The defendant argues that **Amendment 668** of the Federal Sentencing guidelines, which was amended November 1, 2004, and applied retroactively to the guidelines, applies to the defendant. Under 18 U.S.C.§3582(c)(2), this motion is used when the sentencing commission has amended the sentencing guidelines

and the amendment applies retroactively.

In **Amendment 668, Section 2D1.1(a)** is amended by striking Subsection (3). Subsection (3) previously read as follows: "(3) The offense level specified in the drug quantity table set forth in Subsection (c) except that if the defendant receives an adjustment under **3B1.2 (mitigating role)**, the Base Offense Level under this subsection shall not more than **30**; Subsection (3) now reads: "(3) The offense level specified in the drug quantity table set forth in Subsection (c), except that if (A) The defendant receives an adjustment under **3B1.2 (mitigating role)**; and (B) The Base Offense Level under Subsction (c) is (i) Level **32** decreased by 2-levels; (ii) Level 34 or Level 36, decreased by 3-levels, or (iii) Level 38, decreased by 4-levels. Effective date of this amendment was November 1, 2004.

In light of **Amendment 668,** the defendant contends that his base offense level should decrease from Level **42** to Level **38**, guideline range **262-327 months.** While the language of §3582(c)(2) indicates that the judge has discretion in deciding whether to reduce prison term(s), there is no time limit for filing a 3582(c)(a) motion.

In addition to the duty to review and revise the guidelines, Congress has granted the commission the unusual explicit power to decide whether, and to what extent it's amendment reducing sentences will be given retroactive effect. See **BRAXTON V. U.S., 500 U.S. 344,348 (1991).** The exclusive group of amendments

to which the commission has given retroactive effect are set forth in **Section 1B1.10(c)** of the Sentencing Guidelines. A court's power to reduce sentences under §3582(c)(2) is descretionary, <u>**U.S. V. VANTIER,**</u> 144 F.3D. 756,760. In considering a motion to reduce sentence under **18 U.S.C:3582(c)(2),** based on a subsequent change in applicable guideline range, a district court must engage in a two-part analysis. Initally, the Court must recalculate the sentence under the amended guidelines, by first determining a new base offense level to determine what ultimate sentence it would have imposed. All other guideline application decisions made during the original sentence remain intact. See <u>**U.S. V. BROWN,**</u> **104 F.3D. 1254.** Such factors include inter alia, role in the offense, obstruction of justice, victim adjustments, more than minimal planning, and acceptance of responsibility. A sentence adjustment untaken, pursuant to <u>Section 3582(c)(2)</u>, does not constitute a de novo re-sentencing, see <u>**U.S. V. COTHRAN,**</u> **106 F.3D. 1560,1562,** and does not grant the court jurisdiction to consider extraneous re-sentencing issues. See <u>**U.S. V. BRAVO,**</u> **203 F.3D. 778,780-81.**

    The next step is for the district court to consider the factors listed in **18 U.S.C. 3553(a).** Although it is not required to make specific findings regarding each factor enumerated in §3553(a), the court should tailor its comments to show that the sentence is appropriate in light of those factors; see <u>**U.S. V. EGGERSDORF,**</u> **126 F.3D. 1318.** A district court does not error by failing to articulate specifically the applicability, if any, of

each of the 3553(a) factors as long as their records demonstrates that pertinent factors were taken into account.

## CONCLUSION

The defendant believes that he has shown this court that **Amendment 668** applies retroactively, and 18 U.S.C.§3582(c)(a) was the proper vehicle to get back in court. The defendant's new guideline range would become **262-327 months.** The defendant prays that the district court would sentence the defendant at the low-end of the guidelines to assure adequate punishment, and finally bring justice to the case.

Respectfully submitted

by

*Maurice Clifton*
MAURICE CLIFTON

REG. NO.: 28332-077

P.O. BOX 26040
Beaumont, TX 777206040