**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 3:97-cr-006-NBB** |
| | ) | |
| **MAURICE CLIFTON,** | ) | |
| | ) | |
| **Defendant/Movant.** | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE AMENDED MOTION FOR REDUCTION OF SENTENCE UNDER 28 U.S.C. §3582(c)(2)**

I. Introduction

NOW COMES the Defendant MAURICE CLIFTON, Reg. No. 50634-083, (hereinafter "Movant"), by and through undersigned counsel, and submits this Memorandum of Law in Support of his Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2). Movant submits that changes in the substantive law governing his offense of conviction, as well as amendments to the United States Sentencing Guidelines specifically listed in U.S.S.G § 1B1.10, warrant a reduction in his current sentence of 400 months. As demonstrated herein, had the newly amended statutes and guidelines been in place at the time Movant was sentenced, the Court would have imposed a lesser sentence.

It is respectfully submitted that a sentence of 292 months or less satisfies all statutory criteria.

Movant currently resides at FCI Yazoo Low, in Mississippi.

## II. Background and Initial Sentence

On January 14th, 1997, Movant was indicted on two counts. Count One charged Movant with distribution of more than 5 grams of cocaine base in violation of 21 USC § 841(b)(1)(B). Count Two charged Movant with conducting a financial transaction with intent to promote and carry on a specified unlawful activity in violation of 18 USC § 1956(a)(1)(A)(i). [R. 1].[1] On March 4th, 1997, after proceeding to trial, the jury found Movant guilty on both counts. [R. 32]. The probation office calculated his base offense level at 38, and added a 4 level enhancement for a leadership role. Movant's total offense level and criminal history score were determined to be 42, III. [*see*, PSI] On May 23rd, 1997, the court sentenced Movant to 400 months on Count One, and 240 months on Count Two, to be served concurrently. [R. 46]. In 2007, Amendment 706 was promulgated by the Sentencing Commission. Amendment 706 modified the Drug Quantity Table in U.S.S.G. § 2D1.1(c) downward two levels for crack cocaine offenses. Amendment 706 became effective November 1, 2007. However, under U.S.S.G. §1B1.10, Amendment 706 was only applied retroactively after March 3, 2008.[2] On March 5th, 2008, Movant filed a motion for reduction of sentence under 18 U.S.C. §3582(c)(2) pursuant to Guideline Amendment 706. [R. 79]. To date, that motion has not been answered.

## III. Authority In Support of Instant Motion for Reduction of Sentence Under U.S.C. §3582(c)(2)

Section 3582(c)(2) sets forth two eligibility requirements. First, a defendant's sentence must have been "based on a sentencing range." 18 U.S.C. §3582(c)(2). Second, that range must

---

[1] "R" refers to the docket number in Movant's criminal case, 3:97-cr-006-NBB.

[2] See, U.S.S.G. Supp. to App. C, Amend. 706 (Reason for Amend.); Amends. 712 and 713 (Mar. 3, 2008 Supp.); U.S.S.G. § 1B1.10(a)(2) (Nov. 1, 2008).

have been “lowered” by a subsequent amendment to the Guidelines. Id. In light of Amendment 750, the Court has authority to hear this instant case.

On August 3, 2010, the Fair Sentencing Act of 2010 became law. The Act reduced the disparity between crack and powder cocaine to a ratio of 18-1. On November 1, 2010, a temporary amendment to the United States Sentencing Guidelines became effective partially reflecting changes mandated by the Act. On June 30th, 2011, the Commission voted to make Amendment 750 retroactive since it is replacing retroactive Amendment 706. The Commission made the final amendment(s) to the Guidelines effective on November 1, 2011.

18 U.S.C. §3582(c)(2) governs Movant’s instant motion and provides, *inter alia*:

> ….in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Pursuant to Amendments 706 and 750, Movant’s adjusted offense level has been decreased 4 levels to 38, III.[3] The base offense level used to set Movant’s sentencing range has been lowered by the Sentencing Commission pursuant to its authority under 28 U.S.C. §994(o).

---

[3] The 54.79755 Kilograms of cocaine base attributed to Movant was based on the testimony of co-defendants Thomas Spann and Wyatt Williams, who exchanged alleged information for lesser sentences (31 and 24 months respectively, compared to Movant’s 400 months). At the May 20th, 1997 sentencing hearing, defense counsel vigorously argued that said drug amount was questionable at best. Further, defense counsel argued that the prosecution was withholding evidence that would impeach Spann and William’s testimonies. Defense counsel was denied access to this impeaching evidence, and that evidence has not been turned over to date.

Moreover, Movant is entitled to the benefit of this change as the Commission specifically lists the new amendment(s) in U.S.S.G. §1B1.10. As to a reduction in Movant's sentence, the Sentencing Commission has issued the following Policy Statements:

> Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)
>
> (a) Authority.—
>
> (1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

Movant recognizes that sentence reductions under 18 U.S.C. § 3582(c)(2) are not mandatory. See, e.g., *United States v. Cunningham,* 554 F.3d 703, 707 (7th Cir. 2009). The determination that a defendant is eligible for a sentence reduction under §3582(c)(2) leads to a review of those factors set forth in 18 U.S.C. §3553 to determine if a reduction is warranted. See, §3582(c)(2), ("the court may reduce the term of imprisonment, *after considering the factors set forth in section 3553 (a)* to the extent that they are applicable …").

As the Supreme Court recently explained in *Dillon v. United States*, 130 S. Ct. 2683 (U.S. 2010):

> When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision. Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission. The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while leav[ing] all other guideline application decisions unaffected." § 1B1.10(b)(1). n1 Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted after considering the factors set forth in

> section 3553(a) to the extent that they are applicable. *Dillon*, 130 S. Ct. at 2688 (2010) (internal quotations omitted).

Accordingly, Movant addresses the statutory sentencing factors seriatim.

*18 U.S.C. § 3553 Factors*

18 U.S.C. §3582(c)(2) provides that "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to the extent that they are applicable. The factors, and Movant's arguments applicable to each, are set forth below.

*(1) The nature and circumstances of the offense and the history and characteristics of the defendant.*

Movant submits that the nature and circumstances of the offense remain the same as were present when the Court previously sentenced Movant with one notable exception: the recent recognition by Congress that for more than 20 years defendants sentenced for crack cocaine offenses have been excessively punished. Accordingly, Movant submits that neither the nature nor circumstances of the offense should deter the Court from granting a reduction in Movant's sentence.

The history and characteristics of Movant have dramatically improved from those known to the Court when he was originally sentenced.

The most evident indicators of Movant's growth as a person while incarcerated are the numerous courses of education he has completed. Specifically, Movant's Inmate Education Data Transcript [Exhibit "A"] indicates he has completed the following courses:

1. Football Clinics;
2. Presentation Skills;
3. Advanced Microcomputer Class;
4. Microcomputer;
5. Basketball Clinic;
6. Advanced Typing;
7. Typing;
8. Sewing;

9. Building Maintenance;
10. Ex-Offenders' Job Tips;
11. Preparation for Employment;
12. Public Speaking;
13. Working With Your Supervisor;
14. The Customer is Our Boss;
15. You and Your Co-Workers;
16. Heads Up;
17. Tough Questions & Straight Answers;
18. Would I Work With Me?;
19. Enter Here;
20. World of Work;
21. Handball Off Class;
22. Hiring Ex-Offenders Part I;
23. Hiring Ex-Offenders Part II;
24. Developing Leadership Skills 1;
25. ACE Geometry;
26. Mock Job Fair;
27. Job Interviewing;
28. Resume Writing Class;
29. Personal Success Stories;
30. How to Leave a Job;
31. How to Get Ahead on the Job;
32. How to Keep a Job;
33. Yoga;
34. Calisthenics;
35. Infectious Disease Awareness;
36. Educational Aide Apprentice;
37. Transitioning Back Into Society;
38. Black History Review;
39. Now You Have a Job Keep It;
40. Job Fair Interview;
41. Job Skills;
42. ISO Internal Quality Auditing;
43. Stress Management;
44. Job Application;
45. Job Search;
46. Jump Rope;
47. Challenge for Change 2;
48. Bethesda Parenting Seminar 1;

49. Business Seminar-Low;
50. Career Seminar-Low;
51. Teacher Aide Apprenticeship-Low
52. Inside Out Dad 4 – Parenting Seminar;
53. Career Resource Seminar;
54. Inside Out Dad 2 – Parenting Seminar.

Furthermore, Movant's resume [Exhibit "B"] details the work Movant has done through his UNICOR employment for the last 15 years.

Exhibit "C" lays out numerous certificates of achievement earned by Movant, including a Certificate of Completion of Teacher's Aide Apprenticeship, Certificate of Achievement for Stress Management Instructor, and a Certificate of Appreciation for Hard Work and Dedication as a Tutor in the Education Department.

In addition, as seen by the attached letters written to Your Honor by Mr. Clifton's family and friends [Exhibit "D"], Mr. Clifton has grown and matured as a person and has a tremendous support network in place. The authors profess that despite his incarceration, Mr. Clifton has been a consistent and positive influence in his children's lives. Importantly, these letters also indicate that Mr. Clifton has a home where he is welcome to live during his transition back into society.

Movant submits that the nature and circumstances of the offense, as well as his history of maturation while imprisoned and the characteristics of trustworthiness and reliability he has demonstrated warrant a sentence reduction in this matter.

*(2)(A) The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.*

Movant submits that a sentence of 292 months or less is more than sufficient to reflect the seriousness of his offense. Movant argues that the amended (lowered) guideline level associated with his offense of conviction fully takes into consideration the seriousness of the offense. Factoring into Movant's sentence the recent amendments to the statute and guidelines will

provide just punishment for his conduct. Moreover, imposing a sentence consistent with the amended guidelines promotes respect for the law, a law which has for more than two decades been shown to have disproportionately affected minorities.

*(2)(B) The need for the sentence imposed to afford adequate deterrence to criminal conduct.*

Movant submits that a sentence proportionate to the crime of conviction affords adequate deterrence. A sentence of 292 months or less affords deterrence to others.

*(2)(C) The need for the sentence imposed to protect the public from further crimes of the defendant.*

Mr. Clifton respectfully submits that he is fully rehabilitated. There will be no further criminal activity by him from which the public needs to be protected. Movant has been incarcerated from a young age for the last fifteen (15) years. Mr. Clifton has aged and matured in prison. He has put behind him the errant ways of his youth. Indeed, those who have maintained a close relationship with Mr. Clifton during his lengthy term of confinement have written in support of him, expressing their individual recognition of the positive life-changes made by Movant while incarcerated.

It is respectfully submitted that the letters submitted in support Movant's motion for reduction of sentence, as well as the strides taken to improve himself while incarcerated, show that Mr. Clifton has been successfully rehabilitated.

*(2)(D) The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

The attached Exhibits show that Movant has not only grown during his lengthy term of imprisonment; but also, he has been actively engaged in seeking to become a better person.

*(3)(4) The kinds of sentences available and the sentencing range established for--*

*(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--*

*(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under Section 994(p) of title 28); and*

*(ii) that, except as provided in section 3742(g) [18 USCS § 3742(g)], are in effect on the date the defendant is sentenced.*

Movant respectfully submits that a sentence of 292 months or less represents the sentence that would have been imposed had the amended guidelines been in effect when he was originally sentenced.

*(5) Any pertinent policy statement--*

*(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and*

*(B) that, except as provided in section 3742(g) [18 USCS § 3742(g)], is in effect on the date the defendant is sentenced.*

Movant respectfully submits that a sentence of 292 months or less is in conformity with all applicable policy statements issued by the Sentencing Commission.

*(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.*

Movant respectfully submits that a reduction in his sentence, to a sentence of 292 months or less, is warranted. If Movant were being sentenced today, the Court could adopt a one-to-one ratio between crack and powder. See, *Kimbrough v. United States*, 169 L. Ed. 2d 481 (2007); also *Spears v. United States*, 555 U.S. 261 (U.S. 2009).

Accordingly, under today's guidelines and decisional law, a sentence of 292 months or less would be available to the Court.

*(7) The need to provide restitution to any victims of the offense.*

There was no victim restitution involved in this matter.

V. Conclusion

As demonstrated above, modification of Movant's current 400-month sentence to a sentence of 292 months or less will bring some semblance of reasonableness into this case.

Accordingly, and for the reasons set forth in his Motion for Reduction, as well as those reasons set forth herein, Movant Maurice Clifton respectfully moves the Court to modify his sentence of 400 months and impose a sentence sufficient, but not greater than necessary, to meet all statutory objectives under current law.

Respectfully Submitted on this, the 14th day of October, 2012.

_s/ Brian D. Mayo_____________________
BRIAN D. MAYO
Mayo Law Firm
P.O. Box 471
Newton, MS 39345
601-906-9715
bdmmayo@att.net

CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2012, a copy of the foregoing motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

_s/ Brian D. Mayo_____________________
BRIAN D. MAYO