UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:97CR006

MAURICE CLIFTON

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
PETITIONER MAURICE CLIFTON'S MOTIONS FOR
REDUCTION (Docs. 79 and 81)**

The government hereby responds in opposition to Petitioner Maurice Clifton's Motions for Retroactive Application of Sentencing Guidelines. Clifton claims he is entitled to a reduction of sentence. Because the retroactive amendments do not change Clifton's sentencing range, he is not entitled to a reduction and his petition should be denied.

1.

Original Guideline Calculation

Clifton was convicted of distribution of crack cocaine and money laundering under 21 U.S. Code, Sections 841 and 18 U.S. Code, Section 1956(a)(1)(A)(i). Clifton was sentenced based on 54.78755 kilograms of crack cocaine (Clifton PSR at ¶ 15). The offense level based on that amount of drug weight was 38 (Clifton PSR at ¶ 15). An adjustment for leadership role was applied, bringing his offense total to 42 (Clifton PSR at ¶ 30). With a criminal history category of II, Clifton's guideline range was 360-life (Clifton PSR at ¶ 79).

Guideline Calculation After Retroactive Sentencing Amendment

After the crack cocaine sentencing guideline amendments, Clifton's offense level for drugs did not reduce, but stayed at a level 38 based on the amount of drugs (Section 2D1.1(c)(1) – Drug Quantity Table). When the enhancement for role in offense (four points) is applied, his offense level remains at 42, calling, with a criminal history category of II, for a sentencing range of 360 months to life. There is no reduction in sentencing range for Clifton when the retroactive crack cocaine reductions are applied to him.

2.

Clifton alleges that Amendments 706 and 750 of the U.S. Sentencing Guidelines should be applied to his case and states that his new sentence range should be 292 months (Doc. 81, p. 1). Clifton states that the Amendments reduce his offense level by four points, but does not show how this lower level is arrived at. As shown above, Amendments 706 and 750 did not reduce Clifton's statutory penalties, did not reduce the drug table category for the amount of drugs Clifton is responsible for under the Sentencing Guidelines, and did not reduce or alter the methodology for calculating role in an offense under Section 3B1.1(a).

Title 18, United States Code § 3582(c)(2) provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Effective November 1, 2007, and November 1, 2011, the United States Sentencing Guidelines were amended by Amendments 706 and 750. Said amendments lowered the

base offense levels applicable to crack cocaine offenses. However, according to § 3582(c)(2), the amendments are inapplicable to the defendant, as they did not reduce the defendant's sentencing guideline range. In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1] The version of Section 1B1.10 applicable in this case is effective on November 1, 2011 (the date on which the retroactive amendments the defendant seeks to apply are effective), and provides, in relevant part:

(1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

(B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

---

[1] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996). In Dillon v. United States, 130 S. Ct. 2683 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. The Court declared: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." Id. at 2688. "Specifically, § 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Id. at 2691.

The amendments in question in this matter are Amendments 706 and 750, which altered the offense levels in Section 2D1.1 applicable to crack cocaine offenses, and which the Sentencing Commission added to Section 1B1.10(c) as a retroactive amendment. The Sentencing Commission lowered these offense levels pursuant to the Fair Sentencing Act of 2010, which changed the threshold quantities of crack cocaine which trigger mandatory minimum sentences under 21 U.S.C. § 841(b), and directed the Commission to implement comparable changes in the pertinent guideline. The Amendments did not affect role in offense calculations, and, as explained above, a recalculation of Clifton's guideline range, using the revisions made effective in Amendments 706 and 750, reveals that Clifton does not benefit from the amended Guidelines because his drug amount was not lowered by the Amendments. His sentencing range remains 360-life, based on an offense level of 42 and

criminal history category of II. As such, no reduction of sentence under Section 3582 is allowed.

3.

Conclusion

Petitioner Clifton's Motion for Reduction should be denied.

Respectfully submitted,

FELICIA C. ADAMS
United States Attorney

*/s/ Paul D. Roberts*
By:
    PAUL D. ROBERTS
Assistant United States Attorney
Mississippi Bar No. 5592

## CERTIFICATE OF SERVICE

I, PAUL D. ROBERTS, Assistant United States Attorney for the Northern District of Mississippi, hereby certify that I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO PETITIONER MAURICE CLIFTON'S MOTION FOR REDUCTION (Doc. 357)** with the Clerk of the Court using the ECF system which will send a link with access to this document to below-listed counsel:

> Bryan D. Mayo
> Mayo Law Firm
> Post Office Box 471
> Newton, MS  39345
> bdmayo@att.net

This the  _29th_  day of ___October_____, 2014.


    __/s/ Paul D. Roberts_____
    PAUL D. ROBERTS
    Assistant United States Attorney