RECEIVED
SEP 25 2017
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| MAURICE CLIFTON, <br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> Respondent. | ) <br> ) <br> ) <br> ) Criminal No. 3:97-CR-0006-001 <br> ) Hon: Neal B. Biggers, Jr. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MOTION PURSUANT TO FED R. CRIM P. 36

NOW COMES, Maurice Clifton, Petitioner hereby acting pro-se moves this most Honorable Court pursuant to Fed. R. Crim.P.36 to correct clerical error(s) on the records of this Court and Federal Bureau of Prisons.

Mr. Clifton also requests that his pro-se pleading be construed liberally under *Haines v Kerner*, 404 U.S. 519 (1972).

**I.** **Relevant Facts and Procedural History**

Mr. Clifton was indicted on two count(s) of a federal indictment, which were (1) Distribution of more than 5 grams of cocaine base 21 U.S.C. §841(a)(1) and (b)(1)(B), and Conducting a financial trans. With the intent to promote and carry on specified unlawful activity pursuant to 18 U.S.C. §1956(a)(1)(A)(i).

1

Mr. Clifton was sentenced to 400 months term of imprisonment on Count (1) and 240 months on Count (2) to be served concurrently with an additional five year term of supervised release after being found guilty pursuing a jury trial.

## II.     Standard of Review for Rule 36 Motion

Federal Rule of Criminal Procedure Rule 36 provides a district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Although a PSR is considered part of the record that may be corrected. See *United States v. Mackay, 757 F.3d 195, 200 (5th Cir. 2014).*

In his motion pursuant to Rule 36, Mr. Clifton wishes to assert three separate errors that this Court is asked to correct.

The first error occurred more than twenty years ago when Mr. Clifton was placed in federal custody by the United States Marshal Service and given a U.S.M number #10590-042. See original judgement order 5-22-97. [Attached]

This very same U.S.M. number was given to a Mr. Melvin Mathis during the same year. [See Exhibit A Criminal Docket Sheet of Melvin Mathis]. This duplicate U.S.M. number appears on Mr. Clifton's judgment order and also within the PSR. Petitioner has since been given a second U.S.M number 28332-077 in place of the one he complains herein about.

Over the past twenty years, Mr. Clifton has experienced mail being returned and money that was sent to him, never placed on his account because it was erroneously placed in Mr. Mathis' account. The same with his FRP payments. Mr. Clifton's special assessment fee has been compromised, also which caused him to pay additional money due to the error of giving him and Mr. Mathis the same U.S.M. number. Due to no fault of his own, Mr. Clifton has been subjected to multiple instances of prejudice by the Court and the BOP.

2

Now addressing the second reason this court should grant Mr. Clifton's Rule 36. His PSR reflects that he was held accountable for 1.5 kilograms of crack cocaine, applying to his distribution offense under 21 U.S.C. §841(a)(1) and (b)(1)(B) which at the time of his sentencing, exposed him to 5 years minimum mandatory to 40 years mandatory maximum if charged with possessing 5 grams or more of crack cocaine base. The Court did not make a relevant conduct finding of more than 1.5 kilograms of crack cocaine was attributed to Mr. Clifton during the time of sentencing even there is a conflict between the SOR and the PSR which stated that as much as 54 kilograms was involved in the overall offense. [Sent. Tr. Pg. 40] [Attached].

The error is clearly a disputable error and should be resolved in favor of rule of lenity. Because of the error, Mr. Clifton has likely been denied a sentencing reduction under U.S.S.G Amendment(s) 706, 750, and 782; Which all would have applied if the Court required a hearing based on the ambiguity against Mr. Clifton based on the drug quantity amount that he has actually been held accountable for at his sentencing.

Also Mr. Clifton requests that the information in the PSR be corrected which states that he has two prior conviction(s) in the State of Mississippi. See PSR which include charges for exhibiting a weapon and simple assault. Mr. Clifton has never been arrested, arraigned or found guilty of these offense(s) and therefore the NCIC report that was used at the time of his sentencing has erroneously evaluated to calculate Mr. Clifton's criminal history category, which is also being used by the Federal Bureau of Prisons to substantiate fact(s) to evaluate his criminal history category for custody classification.

Based on *Mackey*, all errors mentioned herein should be considered part of the record and corrected by the Court.

3

## **CONCLUSION**

Petitioner Maurice Clifton's Motion to Correct Error should be granted based on the facts here enclosed one copy of Maurice Clifton's Judgment Order, and Expunged Charges in PSR, Maurice Mathis docket sheet and Educational Transcript.

Respectfully Submitted on this 20th day of September 2017.

*Maurice Clifton*
Signature

*Maurice Clifton*
Printed Name

Maurice Clifton
FCC Forrest City - Low
P.O. Box 9000
Forrest City, AR 72336

