RECEIVED
AUG 23 2018
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No.3:97-CR-00006-NBB |
| ) | |
| MAURICE CLIFTON ) | Honorable Neal B. Biggers |
|     Defendant, ) | United States District Court |
| ) | Judge Presiding |
| ) | |
| ) | |
| ) | |

## MOTION TO STRIKE GOVERNMENT'S PUTATIVE AND UNTIMELY RESPONSES IN OPPOSITION AND PROCEDURALLY DEFECTIVE COMBINED UNAUTHORIZED PURPORTED REBUTTAL

NOW COMES Movant and Defendant, Maurice Clifton, Non-attorney, Non-lawyer, *In Propria Persona* ("*Pro Se*") and pursuant to Local Rules of Court 7.1(c) and 7.6 (Local Rules of Civil Procedure), very respectfully moves the Clerk of Court to strike and hold for naught the Government's untimely and estranged, dual response or responses for violating the Rules of Procedure and Rules of the Court, and under oath (18 U.S.C. § 1001, *et al*) and in consideration of the penalty of perjury verily states as follows:

PRELIMINARY STATEMENT

The Government should be ashamed of itself! On August 9, 2018, United States Attorney William C. Lamar, (Mississippi Bar Number 8479); and his Assistant United States Attorney Paul D. Roberts (Mississippi Bar Number 5592) criminally obstructed justice (18 U.S.C. § 4, et al.) by concealing fraud on the Court with another, more sophisticated form of fraud on the Court through

the criminal violation of the unrepresented defendant's civil (18 U.S.C. 241 and 242) rights and violation of due process under color of law and false pretense, taking advantage of defendant's *Pro Se* status.

The Government attorney's misconduct as set forth herein is prohibited by the Mississippi Bar Association; the Mississippi Supreme Court; the Department of Justice Office of Professional ("OPR") Responsibility; and the Office of Inspector General, Honorable Mr. Michael Horowitz, Deputy Attorney General and Chairman/Oversight, Inspector General, and Code of Conduct.

For the following reasons, this Honorable Court must not excuse or condone litigation misconduct and the Government's criminally inspired bad faith. This Honorable Court must grant entitled relief and refer this Federal Discoverer's (28 U.S.C. § 535(b)) report to the appropriate law enforcement agency.

After all, "Rules are rules and basic fairness requires that they be applied evenhandedly to all litigants." See, **Texas v. United States, 798 F.3d 1108, 1114 (D.C. Cir. 2015)**. Defendant Maurice Clifton is constitutionally entitled to a legally accurate decision – No More and No Less!

RELEVANT BACKGROUND

On June 14, 2018, Defendant learned for the first time that his defense counsel and the Government prosecutors were "cooperating" in the above-captioned case to deprive the Defendant of his absolute right to due process of law through the deceptive practice of litigation misconduct, deceit and "Fraud on the Court"[1]

Doing what the law allows, the unrepresented Defendant lawfully moved the Court to reopen this case to address the Fraud on the Court, its officers' criminal misconduct; and decisions of the Court, favorable or unfavorable that are repugnant to the United States Supreme Court

---

[1] Emphasis is respectfully added

admonishment that "no decision repugnant to the Constitution shall be sustained, or allowed to go undisturbed." (Citation unavailable for Government's denial of access to the prison's law library)

The Rules of Procedure, FRCP 60(b)(3) is the only rule which allows the Court to reopen its case for the purpose of addressing "Fraud on the Court". See for Example, ****************** (access to prison's law library stymied by plaintiffs.)[2]

Defendant filed his Motion to Reopen the case and served notice on all parties entitled thereto, especially the Office of the Clerk; Chamber's copy for Judge Neal B. Biggers; former "Abandoned Defense Counsel" and misconduct suspect and any other entity properly before the Court.

The Government filed its untimely "Response in Opposition to Motion to Reopen Case (Doc. 99)" on August 9, 2018, as received by Defendant on August 15, 2018, and exactly sixty (60) days tardy and unlawfully out of time. The Government, taking advantage of the Defendant's *Pro Se* status as strictly prohibited by the Code of Conduct, unethically filed its putative and untimely response to cure its default and doing so without the required leave of Court. See for Example, ****************** (access to prison law library stymied the Government).

Consequently, the Government's ongoing deceit and blatant violation of Federal Rules of Procedure; Local Rule of Civil Procedure (Fed. R. Civ. P 1) ; and 7.1(c) or 7.6 and neglectful, unauthorized, untimely filing is a nullity and must be held for naught. See for Example, ****************** (access to prison law library stymied by the Government).

Striking the attached and prohibited "Dual Response" is mandated by the Constitutional tenets of due process of law. We must be mindful of the fact that the Federal Rules are meant to be applied in such a way as to promote justice." See **Boyd v. Larson, 2018 U.S. Dist. LEXIS 25862 (Feb. 15, 2018).**

---

[2] Citation supplemented upon request or in the alternative implied, herein under **Haines v. Kerner**

The Government's putative "Response in Opposition to Motion to Reopen Case" is unlawful and frivolous on its face.

## SUMMARY ARGUMENT

The Government knowingly and intentionally ignored Local Rules of the Court for the Western District of Mississippi, LR 7.19(c) or in the alternative 7.6, which states without any confusion whatsoever the following in verbatim and relevant parts:

> "14 days after service of Movant's brief, any party opposing any motion shall file a brief in opposition."

Well-settled law states that any party who fails to comply with this rule shall be deemed not to oppose such motion. See for example: **Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 U.S. Dist. LEXIS 102436, 2010 WL 3703808 at (M.D. PA August 26, 2010).** (Quoting) **Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3rd Cir. 1991).**

All the arguments in opposition desperately raised in rebuttal by a deceitful Government meet the definition of "frivolous" only because the Defendant's underlying Motion to Reopen this case has already been conceded by the Government, according to well-settled law. The Government concealing this fact from the Court is criminal misconduct under the color of law. An "OPR" report is warranted.

On June 14, 2018, Defendant did what the law required and reopened this case by automatic operation of federal law and by the Government's inexcusable neglect and fraudulent concealment of default and conceding a criminal fraud on this Honorable Court. (**Haines v. Kerner,** consideration required. Please excuse run-on sentence and verified allegations of Government deception and litigation misconduct.)

The Government's Motion or Response in opposition was lawfully due on June 28, 2018, and no later! A sixty (60) day untimely and unauthorized filing in response constitutes no response at all and a nullity. The Government's self-serving reasoning is unreasonable and violates due process. Striking the unauthorized and deceptively void response in opposition is Constitutionally warranted.

## THE GOVERNMENT IS WITHOUT ANY STANDING WHATSOEVER TO REPRESENT THE CLERK OF THE COURT FOR DISTRICT OF MISSISSIPPI

The Government, specifically Mr. William C. Lamar and his assistant Paul D. Roberts purports to represent the Clerk of the Court, under false pretense and to impede the Clerk's sole and absolute authority and obligation to enter its default order. Messrs. Lamar and Robert's misconduct under color of law has risen to the level of criminal obstruction of justice as prohibited by 18 U.S.C. § 4, *et al.* An 'OPR" complaint is forthcoming. The stench of Fraud is Criminal.

On July 30, 2018, Defendant Maurice Clifton filed his motion and brief under FRCP 59(b)(1); FRCP 55(b)(2); or in the alternative 55(e) and Local Rules 7.1(c) and 7.6 for the Clerk to enter its default for the Government's failure to litigate or oppose Defendant's valid Fraud on the Court, FRCP 60(b)(3), *et al.*, verified motion.[3]

Defaulted Plaintiff purportedly in opposition for the Clerk of the Court misrepresenting and falsifying material facts misapplies the law and incredulously argues without standing that the Clerk of the Court is without jurisdiction to enter its default and "Point the Court to 28 U.S.C. § 2255(h), for jurisdictional consideration." This fanciful contention is frivolous and wholly without merit.

---

[3] Fraud under FCRP 60(b)(3) (Whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party are expressed grounds for relief by motion under amended Subdivision (b). Also Subdivision (d)(3), allows for the setting aside a judgment for fraud on the Court. See Fiske v. Buder, 125 F. 2d 841, 8th Cir. The Incorporation of Fraud and the like within the scope of the rule also removes confusion as to proper procedure. There is no merit to Messrs. Lamar and Roberts' bad acts and false and fraudulent contentions.

Not only must the Court strike Mr. Roberts' outlandish and unlawful opposition as formatted as a dual or "two-in-one" Motion in Opposition[4]. The opposition should be directed to the Clerk of the Court and not the Court. See Rule 55(e), *et al.* A default order must come from the Clerk of the Court before the District Court has any authority to review the same for expected and entitled judgment of the Court. See relevant Motion for Clerk's Default as made a part hereof by reference. Accordingly, Plaintiff's fatally defective "Dual" response in opposition must be stricken or struck as a matter of unquestionable law.

## CONCLUSION

Wherefore, Movant Maurice Clifton, Non-attorney, Non-lawyer, *In Propria Persona* ("*Pro Se*"), very respectfully prays that the Court or Clerk of Court will strike and hold for naught the fatally defective "Dual Opposition" and sanction the unethical practitioners for misrepresentations and misconduct under Rule 11, as warranted, herein. God Bless this Honorable Court.

Respectfully Submitted,

*/s/ Maurice Clifton*
Maurice Clifton, Defendant
USM# 10590-042 or 28332-077
Petitioner, Movant, *In Propria Persona*

Dated: August 16, 2018

Non-Attorney, Non-Lawyer
Defendant, Petitioner, Movant
*In Propria Persona*
Maurice Clifton
USM# 10590-042 or 28332-077
Forrest City Correctional Complex
Post Office Box 9000 (Low)
Forrest City, Arkansas 72336-9000

---

[4] Federal Rules of Procedure strictly prohibits combining oppositions or consolidating responses for two separate motions into one, "Jumbo Response" half untimely and half unauthorized, and directed to the Court and not the Clerk.

## CERTIFICATE OF SERVICE

Maurice Clifton being first duly sworn and under oath states that he served this Notice on the following parties-in-interest along with all relevant attachments *via* first class mail, addressed as indicated, with proper postage prepaid and mailed from the U.S. Postal receptacle in the Wynne Unit C *(mail box rule applies)* building on Thursday August 16, 2018, before the hour of 4:00 p.m., Federal Correctional Complex, Forrest City, Arkansas 72336-9000.

Respectfully Submitted,

*Maurice Clifton*

Maurice Clifton, Defendant
Non-Attorney, Non-Lawyer, *Pro Se*

Office of the U.S. Attorney
Mr. Robert H. Norman
900 Jefferson Avenue
Oxford, MS 38655-3608

Federal Public Defender's Office
Northern District of Mississippi
1200 Jefferson Avenue, Suite 1000
Oxford, MS 38655

Office of the Clerk
Clerk of the U.S. District Court
Northern District of Mississippi
911 Jefferson Avenue
Oxford, Mississippi 38655

Maurice Clifton
#28333-077
Federal Correctional Complex
P.O. Box 9000
Forrest City, AR 72336

"Legal Mail"



U.S. POSTAGE PAID
FORREST CITY, AR
72335
AUG 21 18
AMOUNT
$0.00
R2305E124716-88

David Crews - Clerk
Judge Neal Biggers
911 Jackson AVE E
Federal Building, Rm 369
Oxford, MS 38655
United States

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
RECEIVED
AUG 23 2018

