# Exhibit, Group A

# Defective Dual Motion in Opposition

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                          CRIMINAL NO. 3:97-cr-00006-NBB

MAURICE CLIFTON

### GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION TO REOPEN CASE (Doc. 99) AND FOR CLERK'S DEFAULT (Doc. 100)

Defendant Petitioner Maurice Clifton, having been rebuffed in attempts to overturn his conviction (see Documents 34—Motion for New Trial or Judgment of Acquittal, 47— Motion to Correct Sentence, 49—Notice of Appeal, 69—Motion to Vacate Sentence, 72—Notice of Appeal of denial of motion to vacate, 78—Motion to Modify Sentence, 79— Motion for § 3582 sentence reduction, 80—Motion for § 3582 sentence reduction, 82— Motion to Amend motion for § 3582 sentence reduction, 85—Motion for Clarification, 89—Pro Se Motion to Correct Clerical Errors, 90—Pro Se Motion for § 3582 sentence reduction, 91—Motion to Correct/Amend motion for § 3582 sentence reduction, 94— Pro Se Motion to Reduce Sentence), filed a Motion to Reopen Case. Doc. 99. In this motion he alleged that 11 years after his conviction, the indictment in the case was "impermissively modified" by an alleged docket entry of March 20, 2008 for some alleged modification which supposedly occurred on February 6, 1997 and that his defense counsel never filed an entry of appearance. Document 99, Motion to Reopen, p. 2.

The government did not respond to the nonsensical motion to reopen, because the motion to reopen is, in fact, a motion to vacate his conviction and, if there were any authority for such motion, it would be under the authority of 28 U.S.C. § 2255. The government is only required to respond to such motions when ordered by the Court.

1

Clifton then filed a Pro Se Motion for default judgment because the government did not respond to his motion to reopen the case. Doc. 100. The government now responds. Clifton's motion to reopen the case requests that the Court enter a judgment of summary acquittal and dismissal of his conviction.

This is a motion to vacate judgment and, regardless of legal authorities cited by Clifton, is done under the auspices of 28 U.S.C. § 2255.

> Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005) (quoted in *Schaefer v. Bezy*, 199 F. App'x 548, 551 (7th Cir. 2006)); see also *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover.").

Clifton has already filed a § 2255 motion to vacate. Doc. 72. Because this is a second or successive motion, Clifton must first obtain permission from the Fifth Circuit Court of Appeals before proceeding, pursuant to 28 U.S.C. § 2255(h). The Court of Appeals must certify either that the successive § 2255 motion contains newly discovered evidence that would establish that no jury would have found Clifton guilty or that a new retroactively applied rule of constitutional law, which was previously unavailable, would negate his conviction. Clifton must first seek permission to proceed from the Fifth Circuit before this

Court has jurisdiction to entertain Clifton's novel claims. Therefore the Court should transfer the Motion to Reopen to the Fifth Circuit Court of Appeals for its consideration, pursuant to 28 U.S.C. § 2255(h).

### Standards for Motions to Vacate Under 28 U.S. Code § 2255

Section 2255 provides relief if a sentence was imposed in violation of the Constitution or the laws of the United States, or the district court was without jurisdiction to impose the sentence, or the sentence exceeded the maximum authorized by law, or "is otherwise subject to collateral attack." "Relief under 28 U.S. Code § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A 1981).[1]

Were the Court to determine that it has jurisdiction to consider Clifton's two claims, it is clear that the first is false and the second is meritless.

### Modification of Indictment

Clifton alleges that the indictment was "impermissibly modified." He alleges this occurred on March 20, 2008 and was purportedly reported on the docket on February 6, 1997. There is no evidence or indication that this is true. The Criminal Docket for case 3:97CR006 has no notation nor entry for March 20, 2008. Likewise, there is no notation nor entry for February 6, 1997, except two entries showing letters from Clifton and the Court Clerk were

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. See 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992. It is the prisoner's ultimate burden, however, to sustain her claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982. Accordingly, if there is no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006 (citation omitted). ROA.426.

3

exchanged regarding a habeas corpus hearing. There is simply no evidence that the indictment was modified, nor does Clifton allege how or what about the indictment was modified.

### Failure of counsel to make official appearance

Clifton alleges that his defense counsel failed to file an appearance of counsel in the case. This he claims is a violation of his constitutional right to counsel. While Clifton alleges this "constitutes prima facie evidence" that he did not have "the required Sixth Amendment assistance of counsel," he points to no alleged deficiency of his attorneys nor any prejudice he suffered as a result of the failure of his attorneys to file a notice of appearance. Doc. 100 (emphasis in original).

Filing a notice of appearance is purely an administrative act and confers no indicia of the competence of assistance of counsel. It merely provides the Court with notice and an address to provide for electronic filing access to the case's documents. It does not confer or constitute effective representation, nor does its absence indicate the opposite.

### Default

Clifton claims that the government has defaulted on his claims by not responding. This is untrue because of the nature of Clifton's claims and petition. "[U]nder the Rules Governing Section 2255 Proceedings for the United States District Courts, the Government, if ordered by the court to respond to a habeas petition, is required to 'address the allegations in the motion.' See Rules Governing Section 2255 Proceedings for the United States District Courts § 5(b)." *Araromi v. United States*, No. EP-09-CR-3143-KC-1, 2014 WL 1652595, at *28 (W.D. Tex. Apr. 23, 2014). However, even when a response is ordered, a "[p]etitioner bears the burden of persuasion to demonstrate his entitlement to relief under § 2255; the Government

does not bear the burden to rebut it. *Id., (citing Barnes v. United States*, 579 F.2d 364, 365 (5th Cir.1978)).

Because Clifton bears the burden of persuasion to show entitlement to relief, the "government's alleged failure to respond is irrelevant." *Id.* The government has not been ordered to respond in the case, but has chosen to do so in order to respond to the allegation of governmental default, which it denies, and to point the Court to 28 U.S.C. § 2255(h), for jurisdictional consideration.

**Conclusion**

Clifton's claims are frivolous at best. As is clear from his multitudinous filings, he has abused the writ process with frivolous claims. Since his conviction, he has not followed the procedures, standards, or rules of the Court or § 2255. The Court should transfer the case to the Fifth Circuit for its consideration under 28 U.S.C. § 2255(h). If the Court chooses to entertain his motion, the claims should be dismissed as untrue and meritless.

Respectfully submitted,

WILLIAM C. LAMAR
United States Attorney
Mississippi Bar No. 8479

By: _____
PAUL D. ROBERTS
Assistant United States Attorney
Mississippi Bar No. 5592

5

## CERTIFICATE OF SERVICE

I, PAUL D. ROBERTS, Assistant United States Attorney for the Northern District of Mississippi, hereby certify that I electronically filed the foregoing GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION TO REOPEN CASE (Doc. 99) AND FOR CLERK'S DEFAULT (Doc. 100) with the Clerk of the Court using the ECF system which sent notification of such filing to:

None.

I hereby certify that I have mailed via United States Postal Service the document to the following non-ECF participants:

Maurice Clifton, 28332-077
FCC Forrest City
Post Office Box 9000
Forrest City, AR 72336
*Pro se*

This the 9th day of August, 2018.

PAUL D. ROBERTS
Assistant United States Attorney