# UNITED STATES COURT FOR THE
# NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case No.3:97-CR-00006-NBB** |
| ) | |
| MAURICE CLIFTON ) | Honorable Neal B. Biggers |
| Defendant, ) | United States District Court |
| ) | Judge Presiding |
| ) | |
| ) | |
| ) | **USCA No. 18-60620** |

## MOTION TO STRIKE, VACATE AND DISMISS FRAUD ON THE FEDERAL COURT

NOW COMES Movant and Defendant, Maurice Clifton, Non-attorney, Non-lawyer, *In Propria Persona* ("*Pro Se*") and pursuant to the Federal Discoverer's Act (28 U.S.C. § 535(b)); The Defendant's verified report under the Criminal Civil Rights Act (18 U.S.C. §241 and §242) with the Justice Department's Office of Professional Responsibility ("OPR"); and the Office of the Circuit Executive for the apparent Fraud on the Court as prohibited under local rules as previously cited herein and reconsideration of the Court's constitutionally defective August 30, 2018, Order of Court as authorized by Federal Rules of Civil/Criminal Procedure 60(b)(3), *et al.*, or 36, *et al.*, or FRCP 59(e), *et al.*, and further states as follows:

### PRELIMINARY STATEMENT

On August 30, 2018, this Honorable Court improperly engaged in Fraud on the Court. For no reasons in law, fact or equity, due process of law was criminally and unforgivingly compromised and disregarded or suspended. The Court, Honorable, Mr. Neal B. Biggers, Jr., putatively presiding

"*Sua Sponte*" and capriciously without any notice, motion, subject-matter jurisdiction to be meaningfully heard transferred to the Fifth Circuit Court of Appeals Defendant's fully briefed and conceded Rule 60(b)(3), *et al.*, Motion for Fraud on the Court without any routine Chief Judge or Executive Committee transfer oversight, or Order.

Concealing Fraud on the Court is criminal and constitutes Fraud on the Court and a criminal violation of Defendant's civil rights as prohibited by Federal Statute (18 U.S.C. §241 and §242); or **United States v. Price** (Citation not available – access to prison law library denied); and **United States v. Williams** (Citation unavailable for the same reasons).

A crime has been committed in our Courts and the Defendant has been once again victimized by federal government employees.

## STATEMENT OF RELEVANT FACTS

On June 14, 2018, Defendant Clifton petitioned this Honorable Court to reopen this illegally administered case to address the irreparable harm and Fraud on the Court as authorized by Federal Rules of Civil Procedure, Rule 60(b)(3), *et al.*, and its criminal counterpart, FRCrmP. Rule 36(a), *et al.*,

The Government deliberately and willfully ignored all of Defendant's filings, memorandums and briefs and conceded by default that Defendant was entitled to relief for his criminal victimization of chronic abandonment of counsel and other criminal improprieties. As mandated by Federal Rules of Procedure, R. 55(a) and Local Rules 7.1 and 7.6, Defendant filed a Verified Motion, Memorandum and Brief for the Clerk of the Court to Enter the Default Order as required by law. After more than ninety (90) days of prosecutorial and litigation misconduct, the Clerk of the Court and Federal Prosecutors Messrs. Lamar and Roberts conspired to impede the Clerk of the Court from entering its Default Order and for the Court to enter its Default Judgment.

On August 30, 2018, Judge Biggers sanctioned deception with the Court's *"Sua Sponte"* mischaracterization of Defendant's Rule 60(b)(3), brief, motion and memorandum as conceded by default as an unauthorized successive §2255 petition. The "closed case" was also impermissibly held in "suspension" indefinitely pending the Fifth Circuit Court of Appeals ruling.

The District Court has no jurisdiction to transfer this closed case to the Fifth Circuit Court of Appeals. The Fifth Circuit Court of Appeals is without appellate authority or jurisdiction to address any issue in the instant "closed case". Judge Biggers' jurisprudential mishap is unconstitutional and strains credibility to the breaking point. The Clerk of the Court has not been excused from its duty-bound and lawful obligation to grant Defendant Clifton an entitled default order.

SUMMARY ARGUMENT

Considering the foregoing, there is a substantial basis for a criminal finding of Fraud on the Court as that concept has been defined. It is particularly noteworthy in this regard that misrepresentations by the District Court Judge; Prosecutor's Office; and Office of the Clerk of the Court were relevant to the Court's fatally defective decision to transfer a closed case, without any jurisdiction whatsoever to the Fifth Circuit Court of Appeals for …an issue that is not before the Court without any review or appeal authority, whatsoever. The District Court's legal theory is without merit.

The District Court has not certified any issue for appeal as required by Federal Rules of Appellate ("FRAP") Procedure and its false pretense to "make believe" that Judge Biggers' less-than-honorable, unconstitutional stunt was somehow valid and complied with the edicts of Due Process of Law, is much more than a reversible error.

## CONCLUSION

The Judge has criminally offended his oath of office. The Prosecutors have criminally breached their code of conduct; and the Clerk of the Court has criminally suspended due process and withheld entitled rights from Defendant Maurice Clifton. The Court and its trilogy of deceptionist intentionally failed to accord the valid issues before the Court full constitutional consideration. That, in and of itself, violates the constitutional rights of Defendant Maurice Clifton.

The improperly influenced and unconstituted Court is constitutionally obligated to do justice. Mr. Defendant Maurice Clifton is entitled to immediate acquittal and release in light of his unconstitutional and criminal victimization. Preserve the truth in your path.

Wherefore, be justified when you Judge! Thank you for your time.

Respectfully Submitted,

*Maurice Clifton*
Maurice Clifton, Defendant
USM# 10590-042 or 28332-077
Petitioner, Movant, *In Propria Persona*

Dated: September 5, 2018

Non-Attorney, Non-Lawyer
Defendant, Petitioner, Movant
*In Propria Persona*
Maurice Clifton
USM# 10590-042 or 28332-077
Forrest City Correctional Complex
Post Office Box 9000 (Low)
Forrest City, Arkansas 72336-9000

## CERTIFICATE OF SERVICE

Maurice Clifton being first duly sworn and under oath states that he served this Notice on the following parties-in-interest along with all relevant attachments *via* first class mail, addressed as indicated, with proper postage prepaid and mailed from the U.S. Postal receptacle in the Wynne Unit C *(mail box rule applies)* building on Wednesday, September 5, 2018, before the hour of 4:00 p.m., Federal Correctional Complex, Forrest City, Arkansas 72336-9000.

Respectfully Submitted,

*Maurice Clifton*

Maurice Clifton, Defendant
Non-Attorney, Non-Lawyer, *Pro Se*

Office of the U.S. Attorney
Mr. Robert H. Norman
900 Jefferson Avenue
Oxford, MS 38655-3608

Federal Public Defender's Office
Northern District of Mississippi
1200 Jefferson Avenue, Suite 1000
Oxford, MS 38655

Office of the Clerk
Clerk of the U.S. District Court
Northern District of Mississippi
911 Jefferson Avenue
Oxford, Mississippi 38655

Mr. Jefferson B. Session, Esq.
c/o Mr. Rod Rosenstein, Esq.
Office of the Attorney General
c/o General Counsel, Office of Professional Responsibility
United States Department of Justice
935-950 Pennsylvania Avenue, NW
Washington, D.C. 20535-0001

Mr. Lyle W. Cayce
Clerk of the Court
United States Court of Appeals
For the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130
Case No. 18-60620

Maurice Whitten
28332-077
Federal Correctional Complex (L/C)
P.O. Box 9000
Forrest City, AR 72336

"Legal Mail"

⇔28332-077⇔
David Crews - Clerk
Judge Neal Biggers
911 Jackson AVE E
Federal Building, Rm 369
Oxford, MS 38655
United States



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CRIMINAL ACTION NO. 3:97-CR-00006-NBB

MAURICE CLIFTON  DEFENDANT

ORDER

This matter comes before the court, *sua sponte*, for consideration of the transfer of this cause. Defendant, Maurice Clifton, has filed a pleading titled "Motion to Reopen Case," in which he claims that his indictment, conviction, sentence and current imprisonment violates the United States Constitution. Clifton further argues that he is entitled to "summary acquittal and dismissal."

Clifton's petition is effectively a motion to vacate judgment and sentence. Although it is not labeled as such, "the name makes no difference. It is the substance that controls." *United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005). Thus, Clifton's petition falls under 28 U.S.C. § 2255. Clifton has already filed more than one unsuccessful § 2255 motion. *See* Doc. # 71 (order denying motion to vacate sentence under § 2255); Doc. # 77 (notice of the Fifth Circuit denying Clifton's request to file a successive § 2255 motion).

The Antiterrorism and Effective Death Penalty Act requires that an applicant seeking to file a second or successive motion first be certified by a panel of the appropriate court of appeals. *See* 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3)(A). Clifton has not obtained such authorization. Rather than dismissing Clifton's petition on this basis, the Fifth Circuit has allowed district courts to transfer the petition for consideration pursuant to 28 U.S.C. § 2244(a) and (b)(3)(C). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Therefore, in the interest of justice and judicial economy, it is hereby **ORDERED**:

1) That this petition shall be transferred to the Fifth Circuit Court of Appeals for Clifton to seek permission to file this successive §2255 petition;

2) That the Clerk of Court is directed to transfer this petition and the entire record to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) and (b)(3)(C), and *In re Epps*, 127 F.3d at 365; and

3) That this petition and all other pending motions in the instant case shall be held in suspension until such time as the Fifth Circuit Court of Appeals has ruled upon Clifton's request.

This, the 30th day of August, 2018.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**