UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:97CR006

MAURICE CLIFTON

### GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER MAURICE CLIFTON'S MOTION FOR REDUCTION (Doc. 112)

The government hereby responds in opposition to Petitioner Maurice Clifton's Motion for Appointment of Counsel to represent him in filing a motion for sentence reduction pursuant to the First Step Act of 2018. The government recognizes that the Court has entered a standing order appointing the Federal Public Defender's Office to represent pro se defendants in this type of case, but the government is nevertheless responding to Clifton's implicit petition for relief. Because the retroactive application of the Fair Sentencing Act of 2010 made possible by the First Step Act of 2018 does not change Clifton's statutory sentence maximums or minimums, he is not eligible to receive any reduction and his motion should be denied.

1.

The indictment specifically referenced 21 U.S.C. § 841(b)(1)(B), the penalty section, which stated at the time of Clifton's offense that a minimum of 5 grams of cocaine base was necessary to impose the penalties of not less than 5 years and not more than 40 years incarceration. Consistent with the existing law, no amount of drugs were alleged in the Indictment. *Apprendi v. New Jersey* was not announced by the U.S. Supreme Court until after Clifton was sentenced. 530 U.S. 466 (2000) ("any fact that increases penalty for crime beyond

prescribed statutory maximum must be submitted to jury and proved beyond reasonable doubt"). *Apprendi* has not been applied retroactively, see *Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002) ("*Apprendi* is not retroactive on collateral review"), so the recitation of § 841(b)(1)(B), the penalty section of § 841, sufficiently invoked the statutory penalties for the drug amount of in excess of 50 kilos of cocaine base for which Clifton was charged, convicted, and sentenced for distributing.

Because Clifton's penalties were not reduced by the Fair Sentencing Act's adjustment to the amounts of cocaine base to invoke § 841(b)(1)(A) and (B) penalties, Section 404 of the First Step Act does not create an avenue to reduce Clifton's sentence.

2.

Clifton attaches a portion of the sentencing transcript in his case. In that sentencing, Clifton's counsel argued that the amount of drugs Clifton distributed should not be the approximate 54 kilos of cocaine base Probation held him accountable for distributing, but only 1.5 kilos, as the Court allegedly found Clifton was responsible for selling. This misreads the Court's holding.

In that portion of the sentencing the Court expressed that it only needed to hold Clifton accountable for more than 1.5 kilos of cocaine base in order to sustain the sentencing guideline offense level: "So the Court need only determine that at least 1.5 kilos were involved in this defendant's transactions, and the Court finds that to be the case."

Implicit in Clifton's motion for appointment of counsel is an argument that the Court only held him accountable for 1.5 kilos of cocaine base. But that is not a proper reading of the Court's finding. The Court continued, "That's the minimal amount that was involved based on the testimony at trial from these individuals who worked for him for a number of years in

rather large amounts." 1.5 kilos was the minimum amount when Clifton was sentenced for a defendant to be assessed the maximum offense level on the § 2D1.1(c) Drug Quantity Table. The Court was merely expressing that Clifton, at a minimum was responsible for that amount, while recognizing it was much more: "That's the minimal amount that was involved based on the testimony at trial from these individuals who worked for him for a number of years in rather large amounts."

Probation completed a meticulous calculation and recitation of the amount of cocaine base distributed by Clifton in the PSR, finding it to be in excess of 54 kilos. See ¶¶ 4-9. Clifton objected to the calculation and Probation responded, pointing out its calculations. See Addendum, Defendant's Objections 2-4, 6-11 and Response. The Court also considered Clifton's objection at sentencing to the amount of drugs and rejected it, as explained above.

The amount of cocaine base required to invoke a level 38 when Clifton was sentenced was 1.5 kilos. After a series of amendments, the amount today is 25 kilos. Clifton, from 1992 through 1996, distributed in excess of 54 kilos, still twice the amount that invokes the highest Drug Quantity Table offense level in 2019.

Clifton was a major drug supplier and received a reasonable and appropriate sentence. That sentence would be the same if Clifton were charged and convicted under present statutory strictures and guidelines.

3.

The Sentencing Commission has enacted a number of retroactive Sentencing Guideline amendments. Because Clifton distributed such a large amount of cocaine base, however, Clifton's offense level for drugs has not been reduced, but has stayed at a level 38 based on the amount of drugs (Section 2D1.1(c)(1) – Drug Quantity Table).

Clifton was convicted of distribution of cocaine base (crack cocaine) and money laundering under 21 U.S. Code, Sections 841(a)(1) and 841(b)(1)(B), and 18 U.S. Code, Section 1956(a)(1)(A)(i). Clifton was sentenced based on 54.78755 kilograms of crack cocaine (Clifton PSR at ¶ 15). The offense level based on that amount of drug weight was 38 (Clifton PSR at ¶ 15). An adjustment for leadership role was applied, bringing his offense total to 42 (Clifton PSR at ¶ 30). With a criminal history category of II, Clifton's guideline range was 360-life (Clifton PSR at ¶ 79). When the enhancement for role in offense (four points) is applied, his offense level remains at 42, calling, with a criminal history category of II, for a sentencing range of 360 months to life.

There has been no reduction in sentencing range for Clifton even when the retroactive crack cocaine or other reductions are applied to his conduct.

## Conclusion

Petitioner Clifton's Motion for Appointment of Counsel has already been granted. To the extent that it should be considered a Motion for Sentence Reduction, asking that the Fair Sentencing Act of 2010 should be applied to him, it should be denied because retroactive application would not reduce the statutory penalties or sentencing guidelines that Clifton faced.

Respectfully submitted,
WILLIAM C. LAMAR
United States Attorney
MS Bar No. 8479

By: */s/ Paul D. Roberts*
PAUL D. ROBERTS
Assistant United States Attorney
Mississippi Bar No. 5592
900 Jefferson Avenue, Oxford, MS 38655
paul.roberts@usdoj.gov
662-234-3351

<u>CERTIFICATE OF SERVICE</u>

I, PAUL D. ROBERTS, Assistant United States Attorney for the Northern District of Mississippi, hereby certify that I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO PETITIONER MAURICE CLIFTON'S MOTION FOR REDUCTION** with the Clerk of the Court using the ECF system which will send a link with access to this document to below-listed counsel:

Gregory S. Park
greg_park@fd.org

I further certify that I have mailed, via the U.S. Mails, a true copy of this foregoing **GOVERNMENT'S RESPONSE TO PETITIONER MAURICE CLIFTON'S MOTION FOR REDUCTION** the following non-ECF party:

Mr. Maurice Clifton
#28332-077
FCI Forrest City Low
P.O. Box 9000
Forrest City, AR 72336-9000

This the 15th day of February, 2019.

*/s/ Paul D. Roberts*
PAUL D. ROBERTS
Assistant United States Attorney