UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:97CR006

MAURICE CLIFTON

**GOVERNMENT'S REPLY IN OPPOSITION
TO PETITIONER MAURICE CLIFTON'S
MOTION FOR REDUCTION (Doc. 119)**

The government previously responded in opposition to Petitioner Maurice Clifton's Motion for Appointment of Counsel to represent him in filing a motion for sentence reduction pursuant to the First Step Act of 2018. Doc. 116. Thereafter, the Federal Public Defender's Office filed a separate Motion for Sentence Reduction under the First Step Act. Doc. 119. The government hereby responds in opposition to the Motion for Sentence Reduction, because retroactive application of the Fair Sentencing Act of 2010 made possible by the First Step Act of 2018 does not change Clifton's statutory sentence maximums or minimums, and he is not eligible to receive any reduction. His motion should be denied. Further, the First Step Act and 18 U.S.C. § 3582(c) do not provide for plenary resentencing as Clifton urges in his latest motion.

1.

The indictment specifically referenced 21 U.S.C. § 841(b)(1)(B), the penalty section, which stated at the time of Clifton's offense that a minimum of 5 grams of cocaine base was necessary to impose the penalties of not less than 5 years and not more than 40 years incarceration. Consistent with then existing law, no amount of drugs was alleged in the Indictment. *Apprendi v. New Jersey* was not announced by the U.S. Supreme Court until after

Clifton was convicted and sentenced and his appeal was final. 530 U.S. 466 (2000) *Apprendi* held "any fact that increases penalty for crime beyond prescribed statutory maximum must be submitted to jury and proved beyond reasonable doubt"). *Apprendi* has not been applied retroactively. See *Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002) ("*Apprendi* is not retroactive on collateral review") and *In re Tatum*, 233 F.3d 857, 859 (5th Cir. 2000) ("Tatum has not identified any Supreme Court opinion that makes those cases apply retroactively on collateral review and we have failed to find any on our own."). Consequently, the recitation of § 841(b)(1)(B), the penalty section of § 841, sufficiently invoked the statutory penalties for the drug amount of in excess of 50 kilos of cocaine base for which Clifton was charged, convicted, and sentenced for distributing.

Clifton urges that *Apprendi* should apply to cases like his—pre-*Apprendi* defendants— for FSA litigation, citing to *United States v. Dodd*, 2019 WL 1529516 (S.D. Iowa Apr. 9, 2019). In *Dodd*, a District Court held:

> The First Step Act, however, applies to offenses and not conduct. See *United States v. Davis*, No. 07-CR-245S (1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019). Defendant's offense was conspiracy to distribute and possess with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(A) (2006) as it then existed. See ECF No. 131. It is that offense that was affected by the Fair Sentencing Act, and that offense with which the First Step Act is concerned.
>
> Further, this argument rests on a misplaced equivalency with sentence reductions under 18 U.S.C. § 3582(c)(2), a narrow avenue limited by the U.S. Sentencing Commission through 28 U.S.C. §§ 994(o) and 994(u) and U.S. Sentencing Guidelines § 1B1.10. Such a reduction does not "impose a new sentence in the usual sense." *Dillon v. United States*, 560 U.S. 817, 827 (2010). In contrast, section 404(b) of the First Step Act contains a broader grant of authority to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010" were in effect. Both *Apprendi* and *Alleyne*[1] are binding on this Court for sentencings held today. That these procedural rules do not trigger a right to relief retroactively on collateral review, see *Walker v. United States*, 810 F.3d 568, 574–75 (8th Cir. 2016), is distinct from whether they apply to proceedings independently authorized under the First Step Act.

---

[1] *Alleyne v. United States*, 570 U.S. 99 (2013).

At * 1.

However, this area of law is unsettled and has not been addressed by any Federal appellate court as of this date. A District Court from the Southern District of Florida examined the same issue as the *Dodd* court and found to the contrary:

> No one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation on issues already resolved." *Mackey v. United States*, 401 U.S. 667, 691 (1971) (Harlan, J., concurring in judgments in part and dissenting in part). "'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment" and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)); see also *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) ("Congress has allowed for limited exceptions to the rule of finality ...."). Specifically, a federal "court may not modify a term of imprisonment once it has been imposed except" in the three circumstances defined by Congress in 18 U.S.C. § 3582(c). See *United States v. Maiello*, 805 F.3d 992, 999 (11th Cir. 2015) ("[A] court may only modify a sentence (once it is final) when limited exceptions apply. 18 U.S.C. § 3582(c). That is, courts only have the authority to reduce a sentence which is part of a final judgment because Congress placed that authority in the hands of the judiciary in the first place."); *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010) ("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute.").
>
> "Relevant here, Section 3582(c)(1)(B) authorizes a court to "modify an imposed term of imprisonment to the extent otherwise *expressly permitted by statute* ...." (Emphasis added.) In this regard, Section 404(b) of the First Step Act of 2018 expressly permits the Court to "impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194.

*United States v. Glover*, No. 95-08021-CR, 2019 WL 1924706, at *6–7 (S.D. Fla. May 1, 2019) (internal quotations and citations included), appeal filed, *United States v. Glover*, 19-11742 (11th Cir., May 2, 2019).

In addressing application of *Apprendi*, the Florida District Court noted:

> The Court first finds that Defendant is not entitled to the application of the rule announced in *Apprendi* because the Court lacks jurisdiction to consider a constitutional challenge to a sentence in a Section 3582(c) proceeding. *United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000); *United States v. Cole*, 417 F.App'x 922, 923 (11th Cir. 2011). In *Bravo*, the defendant moved for a reduction of sentence under Section 3582(c)(2) based upon modifications to the Sentencing Guidelines. 203 F.3d at 779. The defendant also raised an Eighth Amendment claim which the district court declined to consider. Id. at 782. The Eleventh Circuit held that the district court properly declined to consider the Eighth Amendment claim because "Section 3582(c), under which this sentencing hearing was held, does not grant to the court jurisdiction to consider extraneous resentencing issues such as this one." *Id*. Instead, extraneous constitutional claims must be asserted under 28 U.S.C. § 2255. *Id*.

*Glover*, 2019 WL 1924706, at * 7 (internal quotations and citations included).

The Florida District Court also found,

> although the Eleventh Circuit has apparently not ruled on the application of *Apprendi* under Section 3582(c)(1)(B), it has squarely held, albeit in an unpublished opinion, that a defendant who is entitled to a sentence reduction under Section 3582(c)(2) is not entitled to be resentenced in accordance with *Apprendi*. *United States v. Cherry*, 326 F.App'x 523, 527 (11th Cir. 2009) ("*Apprendi* is not retroactively applicable. A § 3582(c)(2) motion to reduce a sentence does not provide the basis for de novo resentencing. A district court should leave intact its previous factual decisions from the sentencing hearing when deciding whether to reduce a defendant's sentence.") (internal citations omitted); see also *United States v. Lafayette*, 585 F.3d 435, 436 (D.C. Cir. 2009) ("Because section 3582(c)(2) permits courts to consider only the consequences of Guidelines changes and does not reopen other elements of a sentence, we deny appellant's *Apprendi* and *Booker*[2] claims."); *United States v. McBride*, 283 F.3d 612, 615 (3d Cir. 2002) (holding that *Apprendi* does not afford relief when a modification of sentence is sought under Section 3582(c)(2)).

*Glover*, 2019 WL 1924706, at *9 (internal quotations and citations included).

The Fifth Circuit has recognized that *Apprendi* does not apply to § 3582(c) reductions:

> Section 3582(c) is not a substitute for a direct appeal. By virtue of its plain language, the statute applies only to reductions in sentence arising from a lowering of the sentencing range by the Sentencing Commission. § 3582(c)(2). Consequently, § 3582(c)(2) is not the appropriate vehicle for Teran to challenge the district court's drug quantity finding or the propriety of the firearm enhancement, and those claims are simply not cognizable on review of the denial of a motion to reduce sentence.

---

[2] *United States v. Booker*, 543 U.S. 220 (2005).

*United States v. Teran*, 619 F. App'x 378, 379 (5th Cir. 2015) (citing *Dillon v. United States*, 560 U.S. 817, 826, 831 (2010).

Other district courts have reached similar results as *Dodd* and *Glover*. Respectfully, the *Glover* reasoning is more squarely based on proper application of § 3582 than *Dodd's* reasoning and cites controlling appellate authority for its rationale.

2.

Clifton attached a portion of the sentencing transcript in his case to his original motion to appoint an attorney. In that sentencing, Clifton's counsel argued that the amount of drugs Clifton distributed should not be the approximate 54 kilos of cocaine base Probation held him accountable for distributing, but only 1.5 kilos. This is what the Court allegedly found Clifton was responsible for selling. However, this interpretation misreads the intent and import of the Court's holding.

In that portion of the sentencing, the Court expressed that it only needed to hold Clifton accountable for more than 1.5 kilos of cocaine base in order to sustain the sentencing guideline offense level: "So the Court **need only determine** that at least 1.5 kilos were involved in this defendant's transactions, and the Court finds that to be the case" (emphasis added).

Implicit in Clifton's motion for appointment of counsel and for sentence reduction is an argument that the Court only held him accountable for 1.5 kilos of cocaine base, but that reading of the Court's ruling ignores the Court's next statement: "That's the minimal amount that was involved based on the testimony at trial from these individuals who worked for him for a number of years in rather large amounts." 1.5 kilos was the minimum amount assessed for the maximum offense level on the § 2D1.1(c) - Drug Quantity Table, when Clifton was

sentenced. The Court was merely expressing that Clifton, at a minimum was responsible for that amount, while recognizing it was much more: "That's the minimal amount that was involved based on the testimony at trial from these individuals who worked for him for a number of years **in rather large amounts**" (emphasis added).

Probation completed a meticulous calculation and recitation of the amount of cocaine base distributed by Clifton in the PSR, finding it to be in excess of 54 kilograms. See ¶¶ 4-9. Clifton objected to the calculation and Probation responded, pointing out its calculations. See Addendum, Defendant's Objections 2-4, 6-11, and Probation's Response. The Court also considered Clifton's objection at sentencing to the amount of drugs and rejected it, as explained above.

The amount of cocaine base required to invoke a level 38 when Clifton was sentenced was 1.5 kilos. After a series of amendments, the amount today is 25 kilograms. Clifton distributed in excess of 54 kilograms, still over twice the amount that invokes the highest Drug Quantity Table offense level in 2019.

Clifton was a major drug supplier and received a reasonable and appropriate sentence. His argument that the Court only found him responsible for 1.5 kilograms of cocaine base for all purposes, and not just for the then Guideline calculation, ignores reality. The sentence would be the same if Clifton were charged and convicted under present statutory strictures and guidelines because the Court would find, based on the Presentence Report, that Clifton was responsible for more than 54 kilograms of cocaine base.

3.

Clifton argues in his motion, Doc. 119, that he is entitled to plenary resentencing. This misreads FSA and § 3582(c). In *Dillon v. United States*, 560 U.S. 817 (2010), the

Supreme Court stated that "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding." Rather, it allows courts to "reduce" a sentence of imprisonment in limited circumstances identified by the Sentencing Commission. The Supreme Court explained:

> Given the limited scope and purpose of § 3582(c)(2), we conclude that proceedings under that section do not implicate the interests identified in *Booker*. Notably, the sentence-modification proceedings authorized by § 3582(c)(2) are not constitutionally compelled. We are aware of no constitutional requirement of retroactivity that entitles defendants sentenced to a term of imprisonment to the benefit of subsequent Guidelines amendments. Rather, § 3582(c)(2) represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines.
>
> Viewed that way, proceedings under § 3582(c)(2) do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt. Taking the original sentence as given, any facts found by a judge at a § 3582(c)(2) proceeding do not serve to increase the prescribed range of punishment; instead, they affect only the judge's exercise of discretion within that range.

*Id.* at 828. This reasoning applies with full force here. The retroactive application of the Fair Sentencing Act is not constitutionally compelled, but rather is an act of Congressional lenity, and offered to district courts in their discretion. That is because, as an ordinary rule and absent a Congressional declaration, new statutory provisions do not abrogate prior penalties. *See* 1 U.S.C. § 109. FSA solely calls for the court to determine whether the statutory penalties would have been different based on the "violation" the defendant "committed," and if so, exercise discretion in determining whether to reduce the sentence.

Further, *Dillon* observed, "[i]t is also notable that the provision applies only to a limited class of prisoners—namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission. Section 3582(c)(2)'s text, together with its narrow

scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon,* 560 U.S. at 825-26.

4.

The Sentencing Commission has enacted a number of retroactive Sentencing Guideline amendments increasing drug amounts on the Drug Quantity Table. Because Clifton distributed such a large amount of cocaine base—over 54 kilograms—his offense level for drugs has not been reduced, but has stayed at a level 38 based on the amount of drugs (Section 2D1.1(c)(1) – Drug Quantity Table).

Clifton was convicted of distribution of cocaine base (crack cocaine) and money laundering under 21 U.S. Code, Sections 841(a)(1) and 841(b)(1)(B), and 18 U.S. Code, Section 1956(a)(1)(A)(i). Clifton was sentenced based on 54.78755 kilograms of crack cocaine (Clifton PSR at ¶ 15). The offense level based on that amount of drug weight was 38 (Clifton PSR at ¶ 15). An adjustment for leadership role was applied, bringing his offense total to 42 (Clifton PSR at ¶ 30). With a criminal history category of II, Clifton's guideline range was 360-life (Clifton PSR at ¶ 79). When the enhancement for role in offense (four points) is applied, his offense level remains at 42, calling, with a criminal history category of II, for a sentencing range of 360 months to life.

There has been no reduction in sentencing range for Clifton even when the retroactive crack cocaine or other reductions are applied to his conduct. FSA is thereby inapplicable, because, by its terms, it is only available when a court might "impose a reduced sentence as if sections 2 and 3 of [FAIR] were in effect at the time the covered offense was committed." FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). As discussed above, neither

Clifton's statutory penalties nor his U.S. Sentencing Guideline range would be reduced by FAIR's changes.

## Conclusion

Petitioner Clifton's Motion for Sentence Reduction, asking that FSA should be applied to him, should be denied because retroactive application would not reduce the statutory penalties or sentencing guidelines that Clifton faced.

                                              Respectfully submitted,
                                              WILLIAM C. LAMAR
                                              United States Attorney
                                              MS Bar No. 8479

By:   */s/ Paul D. Roberts*
       PAUL D. ROBERTS
       Assistant United States Attorney
       Mississippi Bar No. 5592
       900 Jefferson Avenue, Oxford, MS  38655
       paul.roberts@usdoj.gov
       662-234-3351

<u>**CERTIFICATE OF SERVICE**</u>

I, PAUL D. ROBERTS, Assistant United States Attorney for the Northern District of Mississippi, hereby certify that I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO PETITIONER MAURICE CLIFTON'S MOTION FOR REDUCTION** with the Clerk of the Court using the ECF system which will send a link with access to this document to below-listed counsel:

Gregory S. Park
greg_park@fd.org

I further certify that I have mailed, via the U.S. Mails, a true copy of this foregoing **GOVERNMENT'S RESPONSE TO PETITIONER MAURICE CLIFTON'S MOTION FOR REDUCTION** the following non-ECF party:

Mr. Maurice Clifton
#28332-077
FCI Forrest City Low
P.O. Box 9000
Forrest City, AR 72336-9000

This the 31st day of May, 2019.

                                      */s/ Paul D. Roberts*
                                      PAUL D. ROBERTS
                                      Assistant United States Attorney