IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA,

       vs.                                    CRIMINAL NO. 3:97CR006

MAURICE CLIFTON

### RESPONSE TO GOVERNMENT'S REPLY IN OPPOSITION TO PETITIONER MAURICE CLIFTON'S MOTION FOR REDUCTION

Mr. Maurice Clifton respectfully disagrees with the Government's assessment that *Apprendi* and *Alleyne* do not apply in First Step Act cases. The great weight of authority concerning First Step Act cases, specifically issues concerning *Apprendi* and *Alleyne*, weigh in favor of finding that the quantity alleged in the charging document controls, not the PSR's alleged quantity.

**I.      The quantity of crack cocaine is determined by the charging document; not the quantity ascribed in the PSR.**

Within the four corners of Mr. Clifton's indictment, there was no allegation from which it could be determined whether he would be held responsible for 5 grams or 50 grams, at least 280 grams, or 1000 grams of crack cocaine. Yet, the PSR held Mr. Clifton accountable for 54.79 kilograms of crack cocaine; Mr. Clifton was not charged with this amount in the Indictment nor did the jury find him guilty of this amount. Because the district court did not make a factual finding of the amount of drugs involved, Mr. Clifton submits this court should re-sentence him based upon only the "in excess of 5 grams" charged in the Indictment, not the relevant conduct amount of 54 kilograms of crack cocaine.

This is the majority position around the country. *See United States v. Rose*, ⸺ F. Supp. 3d ⸺, No. 03-CR-1501 (VEC), 379 F.Supp.3d 223, 2019 WL 2314479, at *11-13 (S.D.N.Y. May 24, 2019) (collecting cases); *United States v. Stanback*, ⸺ F. Supp. 3d ⸺, 2019 WL 1976445, at *3, 377 F.Supp.3d 618 (W.D. Va. May 2, 2019) (concluding defendant was eligible for relief despite a judicial finding that he was responsible for 1.5 kilograms of crack cocaine); *United States v. Pride*, Nos. 1:07CR00020-001, 1:07CR00020-002, 2019 WL 2435685, at *13-14, (W.D. Va. June 11, 2019) (relying on the drug weight charged in the indictment and not the drug weight attributed in the PSR in considering defendant's First Step Act motion); *United States v. Martinez*, No. 04-cr-48-20 (JSR), 2019 WL 2433660, at *7 (S.D.N.Y. June 10, 2019) (collecting cases); *United States v. Bradshaw*, No. 2:05-cr-17-01, 2019 WL 2290595, at *4 (W.D. Mich. May 15, 2019) (holding the statute of conviction, and not the conduct outlined in the PSR controlled); *United States v. Robinson*, No. 97-30025, 2019 U.S. Dist. LEXIS 82432, at *4-6 (C.D. Ill. May 15, 2019) (finding defendant eligible for relief despite being held accountable for 500 grams of crack cocaine at sentencing); *United States v. Allen*, No. 3:96-cr-00149-RNC-3, 2019 WL 1877072, at *2-3 (D. Conn. Apr. 26, 2019); *United States v. Davis*, No. 07-CR-245S(, 2019) WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) ("it is the statute of conviction, not actual conduct, that controls eligibility under the First Step Act"). *See also United States v. Stone*, No. 1:96 CR 403, 2019 U.S. Dist. LEXIS 99457, at *6-7 (N.D. Ohio June 13, 2019); *United States v. Laguerre*, No. 5:02-CR-20098-3, 2019 WL 861417 (W.D. Va. Feb. 22, 2019).

The Government counters by arguing that the PSR amount should be used in determining Mr. Clifton's statutory and sentencing Guidelines' range. See Gov. Response § 2. However, this is the minority position. A few cases have "cut against the grain" but these decisions remain outliers[1].

## II. *Alleyne* and *Apprendi* should still be considered by this court when applying First Step Act.

The Government contends that Apprendi and Alleyne are not retroactive. See Gov. Response § 1. Although *Apprendi* and *Alleyene* are not retroactively applicable on collateral review, a majority of district courts have found that their holdings are applicable in the context of the First Step Act. *United States v. Ancrum*, No. 5:02-CR-30020, 2019 U.S. Dist. LEXIS 81455, at *7 (W.D. Va. May 14, 2019). *See Stone*, 2019 U.S. Dist. LEXIS 99457, at *8-9 (applying the holding from *Apprendi* in considering the appropriateness of a sentencing reduction under the First Step Act); *United States v. Shaw*, No. 02-cr-162-bbc, 2019 WL 2477089, at *8-10 (W.D. Wis. June 13, 2019) (noting that Congress is presumed to legislate in light of constitutional requirements, and it presumptively enacted the First Step Act in light of the holding in *Alleyne*); *United States v. Simons*, No. 07-CR-00874, 375 F.Supp.3d 379, 2019 WL 1760840, at *16 (E.D.N.Y. Apr. 22, 2019) (citing *Alleyne* and finding that statutory penalties are determined by facts submitted to a grand jury, trial jury, or established by a guilty plea while findings by a judge may be used to determine a sentence within the statutory penalties and cannot change "the mandatory minimum sentence now applicable"); *United States v. Dodd*, No. 3:03-CR-

---

[1] *See, e.g., United States v. Boulding*, ——, F. Supp. 3d ——, No. 1:08-cr-65-01, 2019 WL 2135494, 379 F.Supp.3d 646 (W.D. Mich. May 16, 2019); *United States v. Blocker*, —— F. Supp. 3d ——, No. 4:07cr36-RH, 2019 WL 2051957, at *3-4, 378 F.Supp.3d 1125 (N.D. Fla. Apr. 25, 2019); *United States v. Banuelos*, No. 02-cr-084 WJ, 2019 WL 2191788, at *6-8 (D.N.M. May 21, 2019); *United States v. Potts*, No.2:98-cr-14010-ROSENBERG, 2019 WL 1059837, at *(S.D. Fla. Mar. 6, 2019).

3

18-3, 372 F.Supp.3d 795, 2019 WL 1529516, at *5 (S.D. Iowa Apr. 9, 2019) (finding that "[b]oth *Apprendi* and *Alleyne* are binding on this Court for sentencings held today" in a First Step Act case).

While *Alleyne* and *Apprendi* had not been decided at the time of Mr. Clifton's original sentencing, both had been the law of the land for approximately a decade by the time the Fair Sentencing Act was enacted. When Congress enacts statutes, it may be presumed that Congress is aware of relevant judicial precedent. *See, e.g., Merck & Co. v. Reynolds*, 559 U.S. 633, 648 (2010); *Edelman v. Lynchburg College*, 535 U.S. 106, 116– 17 & n.13 (2002). Likewise, when the First Step Act was enacted, *Apprendi* had been precedent for more than 18 years and *Alleyne* had been precedent for more than 5 years.

### III.     This Court should exercise its discretion and grant Mr. Clifton relief.

At a resentencing hearing, the defense will be able to present arguments beyond the statutory range, the guideline range, and the release date, regarding all sentencing factors relevant to 18 U.S.C. § 3553(a), and Mr. Clifton will have the opportunity to speak to the Court. Attached are Mr. Clifton's "Inmate Education Data Transcript" and various certificates which show the courses completed and hours spent trying to make himself a productive member of society. The government can present arguments in opposition, and the Court can fully review the merits of Mr. Clifton's motion for imposition of a reduced sentence and impose a sentence that is appropriate for this individual case, now that Congress has provided sentencing courts with authority to remedy the inequities that were in the crack-cocaine statutes before 2010.

Mr. Clifton is eligible for First Step Act relief. Because he was charged with distributing crack cocaine "in excess of more than 5 grams" in the Indictment, this should

be the amount used to determine whether the First Step Act provides relief. The PSR amount cannot form the quantity basis under *Apprendi* and *Alleyne*.

## CONCLUSION

Mr. Clifton respectfully asks the Court to exercise its discretion and set this case for a resentencing hearing and ultimately to impose a reduced sentence.

Dated this 8th day of August, 2019.

Respectfully submitted,

MAURICE CLIFTON

 /s/ Gregory S. Park
GREGORY S. PARK, MSB No.9419
Assistant Federal Public Defender
1200 Jefferson Avenue, Suite 100
Oxford, Mississippi 38655
Telephone:  (662) 236-2889
Fax: (662) 234-0428
greg_park@fd.org

## CERTIFICATE OF SERVICE

I, Gregory S. Park, attorney for the Defendant, Maurice Clifton, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that the following party will be notified electronically of filing:

Hon. Paul Roberts, AUSA
Paul.roberts@usdoj.gov

Dated this the 8th day of August, 2019.

 */s/ Gregory S. Park*
GREGORY S. PARK
Assistant Federal Public Defender

5