RECEIVED
AUG 07 2019
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

"August 05, 2019"

Maurice Clifton #28332-077
FPC - Camp Delta
P.O. Box 8000
Forrest City, AR 72336

George Lucas, Federal Public Defender
1200 Jefferson Avenue, Suite 100
Oxford, MS 38655

Cs# 3:97CR0006NB:B

Dear Mr Lucas,

I'm writing in regards, to my pending motion under The FSA section 404. Enclosed are some recently decided cases in which it explicitly states sections of The First Step Act of 2018 whereby "It is the quantity of Drugs charged in the Indictment and found by the Jury beyond a reasonable doubt". The Quantity alleged in my indictment is 5 grams, and the Amount entered into evidence was 6.4 grams.

All other drug attributed to me was by IRS Agent Harry Bostic, from alleged witnesses he interviewed.

In addition, I have a recently filed Rule 36 Motion, pending in which I presented Expungment for two charges that received a point for to put me in a Category II. Now with these dismissed, I should be in Category I,

Please make note of this fact to the Probation Department, as they prepare a New PSR based on the fair sentencing Acts Retroactivity, and the

Page II

Expungement of These Charges. I initially objected to Them in 1997, and now have submitted evidence in the Pending Rule 36. Attached also is a copy of My Release Plan, along with Classes, certification and Trainings that come under 3553 (a) sentencing factors of Rehabilitation.

If you would please request a copy of my updated Progress Report from the BOP, That would include Classes and Work History.

Thank you, Mr. Lucas, in advance for your work and assistance provided to me in my time of duress.

Respectfully Submitted

Maurice Clifton
#28332-077/10590-042

The 10590-092, is on my GVC & PSR; It was also the number I had while attending trial in 1997.

CC: Clerk of The Court, David Crews

TRULINCS ███████████████████████████

---

FROM: P Conviction Center, Universal
TO: ███████
SUBJECT: FAVORABLE 2019 FSA CASE LAW 3
DATE: 07/28/2019 01:51:16 PM

UNIVERSAL POST CONVICTION CENTER
931 Monroe Dr. STE. A-102/128 Atlanta, GA 30308
Tel: (770) 688-4574 Fax: (770) 745-6070
www..universalpostconviction.com
Email:upccservice@gmail.com

## FAVORABLE 2019 FSA CASE LAW 3

United States v. Powell, 360 F.Supp.3d 134, 139 (N.D. N.Y. 2019) ("The drug type and quantity used to set the statutory range under the First Step Act of 2018 is the quantity charged in the indictment and found by the jury beyond a reasonable doubt.")

United States v. Latten, No. 02-011, 2019 WL 2550327, *2 (W.D. Va. June 20, 2019) ("Under the 2018 FSA, the quantity of drugs involved in the conviction are not a condition of eligibility.")

United States v. Booker, No.07-843, 2019 WL 2544247, *3 (N.D. Ill. June 20, 2019) ("As other district courts have concluded, this court finds the phrase 'violation of a criminal statute,' in the definition of a 'covered offense' under section 404(a) of the First Step Act, refers to the amount charged in the indictment on which the defendant was convicted, not the amount admitted to in the plea agreement or otherwise attributed to him or her by judicial finding."))

United States v. Barber, No. 09-207, 2019 WL 2526443, *2 (D.S.C. June 19, 3019) ("It is the statute of conviction, not actual conduct that determines eligibility for relief under the First Step Act.")

United States v. Shaw, No. 02-cr-162, 2019 WL 2477089, *4 (W.D. Wisc. June 13, 2019) ("I agree with the reasoning of those courts that have concluded that eligibility under the First Step Act is determined by looking at the statute of conviction, not the defendant's conduct.")

United States v. Stone, No. 1:96 CR 403, 2019 WL 2475750 (N.D. Ohio June 13, 2019) (reducing life sentence to 360 months for defendant held responsible for 492 kilograms of cocaine base.)

United States v. Jones, No. 2:05-CR-29, 2019 WL 2480113, *3 (E.D. N..C. June 11, 2019) ("The phrase 'Federal criminal statute' and 'statutory penalties' refer to the offense of conviction and the relevant quantity of cocaine base identified in the charging instrument, not the drug quantity found at sentencing under the Sentencing Guidelines.)

United States v. Martinez, No. 04-cr- 48-20, 2019 WL 2433660, *2 (S.D. N.Y. June 11, 2019) ("This Court agrees with Martinez, and it concludes that the phrase 'violation of a Federal criminal statute' refers to the amount charged in the indictment upon which Martinez was convicted, not the amount attributed to him by judicial finding.")

United States v. Thomas, No. 9-117, 2019 WL 2375133, *2 (S.D. Ala. June 5, 2019) (concluding the wording of the indictment determines eligibility)

United States v. Rose, No. 03-CR-1501, 2019 WL 2314479 (S.D. N.Y. May 24, 2019) ("In sum, he Court finds not a modicum of support whether in the text, the legislative history, or any precedent for the Government's position on eligibility.")

United States v. Boulding, No. 1:08-cr-65-01, 2019 WL 2135494, *5 (W.D. Mich. May 16, 2019) ("Quantity is simply not part of the statutory test for eligibility under the First Step Act.")

United States v. Brown, No. 07-354, 2019 WL 1895090, *2 (D. Minn. Apr. 29, 2019) ("Courts, including this one, have determined that eligibility under the First Step Act is determined by looking at the statute of conviction not the defendant's conduct.")

Name: Maurice Clifton
Reg # 28332-077
Federal Prison Camp
P.O. Box 9000
Forrest City, AR 72336

MEMPHIS TN 380
05 AUG 2019 PM 2 L

⇔ 28332-077 ⇔
David Crews - Clerk
Judge Neal Biggers
911 Jackson AVE E
Federal Building, Rm 369
Oxford, MS 38655
United States

