UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL CASE NO. 3:97CR006

MAURICE CLIFTON

## GOVERNMENT'S RESPONSE TO SUPPLEMENTAL LEGAL AUTHORITIES FILED BY DEFENDANT MAURICE CLIFTON

The United States hereby files this response to petitioner Maurice Clifton's Supplemental Legal Authorities. Doc. 132. A recent Fifth Circuit Case: *United States v. Jackson*, ___ F.3d ___, 2019 WL 6838017 (5th Cir., Dec. 16, 2019), announced the Court's holding regarding First Step Act eligibility:

> We thus conclude that whether a defendant has a "covered offense" under section 404(a) depends only on the statute under which he was convicted. If he was convicted of violating a statute whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a "covered offense."

At *3.

Section 404(a) of the First Step Act deals with offenders convicted of drug offenses involving cocaine base (crack cocaine) in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A) or 841(b)(1)(B). It made the penalty changes of the Fair Sentencing Act of 2010 to those sections retroactively available to petitioners and allows courts the discretion to reduce those petitioners' sentences under U.S.C. § 3582(c)(1)(B). Petitioner Maurice Clifton stands convicted prior to 2010 of 21 U.S.C. §§ 841(a) and 841(b)(1)(B). PSR, at 1, 3. Thus, according to *Jackson*, Clifton is eligible under the First Step Act for the Court to reduce his sentence, at its discretion.

This does not mean that Clifton is entitled to a sentence reduction or that the Court is stripped of its discretion to deny Clifton a sentence reduction. *Jackson* clearly reiterates this point in affirming the denial of a First Step motion to reduce:

> "That [a defendant] is eligible for resentencing does not mean he is entitled to it," however. [*United States v.* ]*Beamus*, 943 F.3d [789, 792 (6th Cir. 2019)]. The sentencing court has broad discretion, since "nothing" in the FSA "shall be construed to require a court to reduce any sentence." The district court exercised that discretion not to resentence. It noted that Jackson's life sentence still would have fallen within the appropriate statutory range were the Fair Sentencing Act applied, and it relied on his extensive criminal history and central role in the offense.

*Jackson*, 2019 WL 6838017, at *3 (citing FSA, § 404(c), *United States v. Beamus*, 943 F.3d 789 (6th Cir. 2019), and *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019) in recognition of the "discretionary nature of the decision whether to resentence under the FSA")).

Clifton distributed more than 54 kilos of cocaine base. PSR, at 6-77. He did this during a time frame when he was also convicted in state court for exhibiting a weapon, committing two assaults, and engaging in disorderly conduct. PSR, at 9-11.

After a jury convicted Clifton, the Court sentenced Clifton to a 400-month term of incarceration. Doc. 46. Clifton appealed various issues including the amount of cocaine. The Fifth Circuit Court of Appeals denied his appeal per curiam. *United States v. Clifton*, 158 F.3d 583 (1997) (table). The U.S. Supreme Court rejected his petition for writ of certiorari. *United States v. Clifton*, 525 U.S. 1126 (1999).

In 2000, Clifton filed a motion to vacate his sentence under 28 U.S.C. § 2255. Doc. 69. The Court denied the motion. Doc. 71. Clifton appealed. Doc. 72. The Court denied Clifton a certificate of appealability and permission to proceed in forma pauperis. Docs. 74

and 75. The Fifth Circuit denied a motion to proceed in forma pauperis. Doc. 76. The Fifth Circuit also denied Clifton permission to file a second § 2255 motion. Doc. 77.

Clifton has also filed unsuccessful motions to reduce his sentence under 18 U.S.C. § 3582. See Docs. 80, 82, 85, 89, 90, and 94. The Court did transfer one motion to the Fifth Circuit as a successive § 2255 motion. Doc. 103. The Fifth Circuit dismissed the case. Doc. 106.

The Court should reject his petition and exercise its discretion to not reduce Clifton's 400-month sentence. Clifton cites *United States v. Thompson*, from the Western District Court of Louisiana, 404 F.Supp.3d 1003 (W.D. La., July 23, 2019), and argues that the Court "**must** consider the constitutional rights belatedly recognized in" *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") and *Alleyne v. United States*, 570 U.S. 99, 102 (2013) (any fact increasing a mandatory minimum must be submitted to the jury and found beyond a reasonable doubt) when it decides whether to exercise its discretion to reduce Clifton's sentence. Clifton Supplemental Legal Authorities at 3 (emphasis added). But the *Thompson* Court did not mandate such application (nor could it), but merely chose to adopt an expansive view of what it would consider:

> Prior to determining the extent of any reduction of sentence in this matter, the Court will consider the reduced statutory range, the guideline range, the 18 U.S.C. § 3553(a) factors, and any evidence of post-sentencing mitigation.

*Thompson*, at 1012.

It is important to note that the *Thompson's* Court's decision to adopt such an expansive view will not be reviewed by the Fifth Circuit, as it is unlikely that the

3

government will appeal its later decision to reduce Thompson's sentence. See, *United States v. Thompson*, 2019 WL 3502687, at *1 (W.D. La. Aug. 1, 2019) ("Thompson's sentence of imprisonment will be reduced to fifteen years."). It certainly does not comport with the more modest instructions given by *Hegwood*: "The district court decides on a new sentence by itself in the time frame of the original sentencing, altering the relevant legal landscape **only** by the changes mandated by the 2010 Fair Sentencing Act." 934 F.3d at 418 (emphasis added).

Following *Hegwood*, the Court can look to Clifton's original sentence and sentencing guidelines. He distribute more than 54 kilos of cocaine base. That amount at the time of sentencing was 30 times the amount necessary to invoke the highest drug quantity on the Drug Quantity Table found in § 2D1.1(c) from November 1995: 1.5 kilos. Even today, 54 kilos is more than twice the amount needed to invoke the same base offense level. See § 2D1.1(c)(1) (Nov. 1, 2018). Indeed, Clifton's recommended sentencing guideline range is not changed by any post-1999 guideline amendments: it remains 360-life. See Exhibit D-1 to December 16, 2019 hearing.

At the December 16, 2019 hearing on this matter Clifton made an argument and introduced a worksheet, Exhibit D-1, which argued that Clifton has now served in excess of the statutory maximum 20 years in jail. But this is not correct, the First Step Act allows courts to, in their discretion, impose a lower sentence if the petitioner qualifies, but does not invalidate the prior sentence or retroactively reduce the statutory penalties a defendant faced. Based on *Jackson*, Clifton qualifies for such a discretionary act, but, as pointed out above, *Jackson* affirms the district court's denial of the reduction. The Fifth Circuit quoted the language from the First Step Act stating that part of the statute: "nothing" in the FSA

"shall be construed to require a court to reduce any sentence." *Jackson*, 2019 WL 6838017, at *3 (citing FSA, § 404(c)).

Clifton has not spent more than the statutory maximum term of incarceration in jail. He was convicted, properly at the time, for distributing in excess of the amount of cocaine base required to invoke 21 U.S.C. § 841(b)(1)(B), which established a statutory maximum term of incarceration of 40 years.

The First Step Act does not require a court to impose the lesser statutory maximum established by the Fair Sentencing Act. Whether to reduce a petitioner's sentence is left wholly to the discretion of the court.

Even if, arguendo, Clifton were correct in his assertion about the 20-year statutory minimum, Clifton's guideline recommended sentencing range does not reduce by applying either the sentencing manual in effect at the time of his original sentence or today, and the Court would have in 1997, applying well-established U.S. Sentencing Guideline principles, sentenced Clifton to a 20-year term of incarceration for his drug trafficking offense and a consecutive 160-month term of incarceration for his money laundering conviction. See, U.S.S.G. § 5G1.2(d). Clifton has not served in excess of his statutory maximum sentences for his two counts of conviction.

**Conclusion**

The Court should exercise its discretion to deny Clifton's motion to reduce sentence and allow his sentence to stand.

This the 3rd day of January, 2020.

                                        Respectfully submitted,

                                        WILLIAM C. LAMAR
                                        United States Attorney
                                        MS Bar No. 8479

By:   */s/Paul D. Roberts*
       PAUL D. ROBERTS
       Assistant United States Attorney
       Mississippi Bar No. 5592
       900 Jefferson Avenue
       Oxford, MS 38655
       paul.roberts@usdoj.gov
       662-234-3351

## CERTIFICATE OF SERVICE

I, PAUL D. ROBERTS, Assistant United States Attorney for the Northern District of Mississippi, hereby certify that I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO SUPPLEMENTAL LEGAL AUTHORITIES FILED BY DEFENDANT MAURICE CLIFTON** with the Clerk of the Court using the ECF system which will send a link with access to this document to below-listed counsel:

Gregory S. Park
greg_park@fd.org

This the 3rd day of January, 2020.

                                            */s/Paul D. Roberts*
                                            PAUL D. ROBERTS
                                            Assistant United States Attorney